Please call the next case. 114-1541, Kevin Rafferty v. H. Rafferty Counsel, you may proceed. Thank you, Justices. Mr. Zwick, may it please the Court, my name is Dan Collins on behalf of the petitioner, Kevin Rafferty. Mr. Collins, can I ask you a question before you start your argument? Yes. Could you tell me what the page of your appendix is that contains the abstract of the record on the field? You can save your breath, there isn't one. Or you can save your time. Your Honor, there is no abstract in the appendix. The case before you had a statement that looked more like an argument than a fact statement. You've got a brief that has no abstract of the record. Supreme Court Rules 341 and 342 are not advisory suggestions, they're rules. Why we can't get you people, especially these workers' comp cases, to comply with the brief requirements that the Supreme Court mystifies me. I don't understand that. You know, for my reason, we ought to start striking these briefs. My apologies to the Court. If the Commission had simply ordered what they later claimed to have ordered, we would not be here today. The facts of this case are largely not in dispute. There is no facts. This is a de novo review for us, is it not? Yes. Because they're reviewing the inquiry into the meaning of these orders. Correct. Can I capsulize your argument by saying that the Commission wrote a terrible order, the arbitrator misinterpreted it, and then the Commission compounded the problem by suggesting that somebody had waived something in front of the arbitrator. The question is, you know, when a shirt or a blouse is misbuttoned like this, isn't the best course just to unbutton it and start all over again? Yes. And send it back down and tell that arbitrator to do what the Commission told him to do in the first place. And that's open it up for evidence on vocational rehabilitation and get a plan. And then let them make their decision. I don't understand how this mess happened. So do you agree with his observation? Absolutely. Is that your argument? That is exactly, succinctly, my argument. I mean, I still don't understand this case. Good argument. Thank you. No one has the same argument? Thank you. Counsel, you may respond. I suspect you may not agree with that argument. Good morning, Your Honors. Counsel Joseph Zwick on behalf of the Appellee, City of Chicago. Admittedly, the order was confusing. But the fact of the matter is, if we're going to look at this in terms of a chance to have a hearing before the Commission, what the burden of proof is in terms of the allegation that that claimant was permanently totally disabled, ultimately what the Commission determined, what they stated in their last order, was that there was not enough evidence. What they stated in their last order was that he waived the right to present the evidence. He didn't waive anything. You know that. Well, no, he didn't waive anything. In fact, both of us stated that, according to the way the order was written. It appeared to indicate that the arbitrator was supposed to simply draft an order. Now, the arbitrator was confused by that, for sure. But he also anticipated the issue with regard to the ambiguity, if you will, with regard to the order. Because Archer Williams noted during the discussion that perhaps they were leaving it to him to exercise discretion in terms of whether or not vocational rehabilitation testing was appropriate in this case, in which he stated out loud that he did not believe it was appropriate. Well, first of all, he was wrong. The Commission has every right in the world to send it back to him to tell him he has to conduct a vocational review. He's wrong. There are cases in the city the Commission has that right. Second of all, you and Mr. Collins indicated on the record that they've reviewed the order of the Commission and that we were in agreement that the Commission decision does not require a new hearing with additional evidence at this time. Neither side was willing to present evidence. And Mr. Zwick says it's my understanding that the Commission is actually ordering the arbitrator to consider this matter in terms of based on the current record. If, in fact, the Commission thinks that we're supposed to be additional evidence presenter, if the Commission was to, or either party was to be, to offer additional evidence in this regard, then certainly that's something the Commission should have put in the order. That was your, that's what you said. The arbitrator turns around and says something. I feel that this juncture in order would be more appropriate than an order be issued by the Commission level for any vocational plan or vocational testing without any, since all the evidence has been presented was simply for permanent total, not compulsive. I feel that I have to deny the order for vocational testing in the event that they remand back for a hearing which counsel is given an opportunity to present evidence, the Commission may order it themselves. So evidently we have the arbitrator telling the Commission what to do as opposed to the Commission telling the arbitrator what to do. And then when it gets back to the Commission, this gets real interesting. In essence, the Commission was indicating that the claimant had failed to sufficiently elect that he was permanently and totally disabled, and the vocational testing was to be used to determine once and for all if he deserves such designation. During the remand hearing on August the 19th, the claimant through counsel indicated that he did not believe that the Commission's remand order required the taking of additional evidence and did not seek to enforce the Commission's order. As the claimant seems to argue that no additional evidence was required, the Commission has no new evidence with which to render and therefore reforms the 40% award. Now that's not what happened in front of the arbitrator, is it? Didn't both parties say that they interpreted that they would reserve the right in the event that they had a right to do it, that they would put it on? That is correct, Your Honor. But at the same time, no party presented any type of evidence that they intended to present in terms of a... Mr. Collins, I'm in agreement. I think both of us would be saying that neither one of us wants to feel that we're somehow waiving the right to introduce evidence. We feel like we've been precluded from doing so. They weren't precluded from doing so. It was a terribly written order by the Commission. He sent it back and told the arbitrator to have a hearing and get a vocational rehabilitation plan, and then they would decide whether it was a permanent total or not. Don't they have the right to do that? They have the right to do that, but they also have the right to directly order the plan themselves. But they didn't. They didn't. They sent it back to the arbitrator and told him to do it and he didn't do it. Correct. But when it came back to the Commission, they had the authority at that point to say, if this is what is needed in this case, we are ordering... Well, you'd be 100% correct, Mr. Zwick, if it wasn't for the fact that the Commission, in its order on remand, said that somehow the people had waived it. As the claimant seems to argue that no additional evidence was required, the Commission has no new evidence with which to render a decision. Now, that's not what Mr. Collins said. He said, I precluded from doing it. Well, he wasn't. So my question is, why don't we just take this thing apart, send it back, and tell the arbitrator to do what he was told to do? Well, because the Commission had that opportunity when it came back a second time. They didn't have the evidence they wanted. They wanted, they had ordered, vocational rehabilitation testing and a vocational plan. They ordered it. They never had it in front of them because the arbitrator didn't do what he was told. Because he didn't think he was supposed to, or he didn't think he had to. Well, he clearly didn't think... He clearly struggled with it, as did the parties. I have dispute that the first Commission order was terribly written. I mean, it's a nightmare. But the fact of the matter is, the basis for them affirming the 40 percent was based on some type of a decision on the part of the claimant that he was foregoing the opportunity to present evidence. He didn't forego anything. Well, you know, Your Honor, he did it in the sense that when the case first went to hearing, when we were back before the arbitrator, when Arbitrator Williams was discussing the whole issue of whether or not, what the order meant, he was surprised. He was surprised at the fact that he didn't address vocational testing in the original order. And counsel indicated we weren't asking for that. So what's interesting is that the Commission's order, vague as it is, was suggesting that something should happen that the claimant wasn't even asking for at the original hearing. Well, isn't the Commission obligated by statute to review all issues of law or fact that are contained within the record before them? And don't they have a right to demand vocational rehabilitation or vocational testimony in a plan before they make a determination whether a guy's an ad lot permanent? They have a right to do that. And they actually have a right to order it directly, which they chose not to when it went back. No, but they ordered it arbitrarily, which they can do. They can either do it directly themselves or they can order the arbitrator to do it. They did it. Well, the order said, as we know, the order stated that he was to order vocational testing, and Arbitrator Williams took that to mean appropriate vocational testing. And he also stated that he didn't think vocational testing was appropriate. And I think that goes back to the fact that— Well, wait a minute. Whether he thought it was appropriate or not is totally irrelevant. He doesn't review the Commission. They review him. I mean, it's just that simple. But the fact that I have with this is, this—I don't think— Never mind. Go ahead. But, Your Honor, just to emphasize the point, that this is something that Klement didn't want when the case proceeded to hearing. The fact of the matter is, it's his burden to prove all evidence. It's his burden to establish the initial, with regard to an odd-lot permanent total disability. And the Commission confirmed, ultimately confirmed, that the record before them didn't uphold that burden. And that's within their discretion, and the facts support that. And so that's your position for upholding this? Correct. Thank you. Thank you, Counsel. Counsel, no reply? Okay, very good. Counsel, thank you both for your arguments on this matter. We take them under advisement. This position shall issue.